**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD SHINGLER,** | ) | **CASE NO. 1:14 CV 725** |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | |
| **SMILE CARE, LLC, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     **Defendants.** | ) | |

This matter is before the Court on the Motion to Transfer Venue or, in the Alternative, to Dismiss Case as to Staff Care, Inc. (Docket #7.)

### Factual Background

Plaintiff originally filed his Complaint on February 17, 2014, in the Cuyahoga County, Ohio Court of Common Pleas. Plaintiff, a resident of Cleveland, Ohio, is a dentist who entered into a Provider Services Agreement ("the Agreement") with Staff Care, a staffing agency. Staff Care is a Delaware corporation with its principal place of business in California, but with corporate offices in Dallas County, Texas. Pursuant to the Agreement, Plaintiff received placements as a dentist by Staff Care for a period of three to four years.[1] In September 2013,

---

[1] Although not clear from the Complaint, Plaintiff appears to assert that he was an

Staff Care placed Plaintiff at Mobile Dentists, working within the Cleveland City Schools. Plaintiff would travel to different schools to provide dental care to the students. Complaint at Paragraphs 8 and 9. Plaintiff alleges that he reported what he perceived to be health and safety violations by the dental hygienists to Elliott Schlang, the supervising dentist, and Margo Woll, the founder of Mobile Dentists, who failed to properly address the issue. Complaint at Paragraphs 25-28. Further, Plaintiff alleges that his co-workers were under 40; "did not like working with an older dentist"; and, wrote a letter to Mr. Schlang containing several false allegations against Plaintiff. Complaint at Paragraphs 29-31. Plaintiff states that Defendants Big Smiles, Mobile Dentists and Staff Care never investigated his allegations. Complaint at Paragraph 32. Plaintiff states that shortly after he reported the alleged violations and after the co-workers' letter, he was informed by Nancy Johnson of Staff Care that he should not return to Mobile Dentists. Complaint at Paragraphs 33-34. Plaintiff claims he was replaced with a much younger dentist and that Defendants sided with Plaintiff's co-workers because they were younger. Complaint at Paragraphs 35-36.

Plaintiff named Smile Care, LLC; Big Smiles, Inc.; Mobile Dentists Management, Inc.; Staff Care, Inc.; and, Elliot Schlang, DDS, as Defendants. The Complaint alleges as follows: Count I – Wrongful Termination (retaliation) against all Defendants in Violation of Ohio Rev. Code § 4113.52; Count II – Wrongful Termination in Violation of Public Policy against all Defendants; Count III – Age Discrimination in Violation of Ohio Rev. Code § 4112.02(A) against all Defendants for responding to his reports of misconduct against his co-workers differently than the reports made by younger co-workers against Plaintiff; Count IV – Wrongful

---

employee of Staff Care, while Staff Care maintains Plaintiff was an independent contractor.

Termination Based on Age Discrimination in violation of Ohio Rev. Code § 4112.02(A) against all Defendants; and, Count V – Intentional Infliction of Emotional Distress against all Defendants.

On April 2, 2014, Defendants removed the case to this Court.  Plaintiff subsequently voluntarily dismissed Defendant Mobile Dentists Management.

On April 9, 2014, Defendant, Staff Care, Inc., filed its Motion to Transfer Venue or, in the Alternative, to Dismiss the Case as to Staff Care Inc.  (Docket #7.)  Staff Care moves the Court for an order transferring this case, as it relates to Plaintiff's claims against Staff Care, to the United States District Court for the Northern District of Texas, Dallas Division, citing the Provider Services Agreement between Plaintiff and Staff Care, Inc. which contains a "Governing Law" provision which states, in relevant part, as follows:

> This Agreement shall be governed by and interpreted in accordance with the laws of Texas . . . Exclusive jurisdiction and venue of any dispute . . . relating to this Agreement shall lie in the state or federal courts of Dallas County, Texas.

Plaintiff filed his Memorandum in Opposition to Staff Care, Inc.'s Motion to Transfer or Dismiss (Docket #12), arguing that the Motion should be denied and the forum should remain in the Northern District of Ohio.  Specifically, Plaintiff argues that the Court should not apply the reasoning set forth in *Atlantic Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 579 (December 3, 2013), to enforce the forum selection clause at issue in this case, asserting that *Atlantic Marine* assumes equal bargaining power between sophisticated entities and that in this case, Staff Care held all the bargaining power and the agreement was a "'take it or leave it'" proposition.  Further, Plaintiff argues that the Texas Court's have no connection to his job responsibilities; that the potential witnesses and evidence are located primarily in Ohio; and, therefore, that transfer would render litigation unreasonable, difficult and inconvenient, thereby

depriving him of his day in court.  *Buckeye Check Cashing of Arizona, Inc. v. Lang*, 2007 U.S. Dist. LEXIS 12746 (S.D. Ohio Feb. 23, 2007.)  Finally, Plaintiff argues that enforcement of the forum selection clause in the Agreement between the Parties would result in piecemeal litigation and inconsistent verdicts, creating the type of extraordinary circumstances under which the Court should bar enforcement of the clause.

Staff Care filed its Reply Brief on May 5, 2014.  (Docket #15.)  Staff Care argues there is no basis upon which to disregard *Atlantic Marine* and that the forum selection clause in the Agreement should be enforced.  Further, Staff Care states that Texas is an appropriate forum for Plaintiff's claims because Staff Care has corporate offices in Dallas County, Texas and no offices in Ohio; that Staff Care conducts most of its business operations in Texas; that Staff Care places independent contractors throughout the U.S.; and, that Staff Care utilizes exclusive forum selection clauses in the Provider Services Agreement as a fundamental component of its business model because it confines disputes to a single, knowable venue.  Finally, Staff Care states that Plaintiff was not obligated to sign the Agreement; that although Plaintiff did not negotiate the terms of the Agreement that other providers have done so; that Plaintiff possesses the sophistication to understand the terms of the Agreement; and, therefore, that the venue selection provision specifying Dallas County, Texas should be enforced.

None of the other named Defendants have responded to Defendant's Motion to Transfer or Dismiss.

-4-

**Discussion**

Title 28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the "typical case," therefore, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations" to determine whether transfer is warranted. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). The plaintiff's choice of forum is entitled to "some weight" in the analysis, and the burden rests with the movant to overcome that weight by showing (1) the parties' private interests and (2) other public-interest considerations militate in favor of transfer. *Id.* at 581 & n.6.4

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 581. In that instance, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests," as they previously agreed (contractually) to litigate in a specified forum. *Id.* at 581-82. The plaintiff bears the burden of demonstrating the public-interest factors merit transfer. *Id.* at 583. Yet, such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement. *Id.* at 581-82. "In all but the most unusual cases . . . 'the interest of justice' is served by holding the parties to their bargain." *Id.* at 583.

The Court is not persuaded by Plaintiff's argument that *Atlantic Marine* is somehow inapplicable to the Agreement in this case. The Agreement between Plaintiff and Staff Care contains a valid forum-selection clause and there is no basis upon which to find that Plaintiff either did not understand the Agreement or was somehow coerced into signing the Agreement.

As stated in *Atlantic Marine*, "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. Plaintiff has wholly failed to demonstrate that public interest factors "overwhelmingly disfavor" transfer to the Northern District of Texas. Accordingly, this matter must be transferred to the Northern District of Texas as it relates to Defendant, Staff Care, Inc.

**Conclusion**

For the reasons stated above, the Motion to Transfer Venue filed by Defendant, Staff Care, Inc. (Docket #7) is hereby GRANTED. The clerk shall transfer this case **as to Defendant Staff Care, Inc. only,** to the United States District Court for the Northern District of Texas, Dallas Division.

This case shall proceed in the Northern District of Ohio as to all remaining Defendants.

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              Donald C. Nugent
                                              United States District Judge

DATED:  July 17, 2014